which defendant wanted for a customer. The defense is that it was guaranteed to be first class, but was inferior and refused by the customer, so that defendant was obliged to get the work done elsewhere. The justice found for defendant. Plaintiff appeals.

It appears that defendant returned the plates to plaintiff, but retained the progressive proofs and drawings, which were subsequently used by another engraver to make a set of plates for defendant. The latter, while retaining and using the drawing, could not rescind the contract by returning the plates only, as the contract was an entire one, and included all the work and materials done and furnished by plaintiff in the making of said reproduction of the subject known as "The Candy Girl." The rule is that, where a defendant relies upon a breach of warranty in an action for the price of an article, he must show a rescission of the contract by returning or offering to return the article and all benefits received under the contract.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., and SEABURY, J., concur.

MacLEAN, J. (concurring). In this action of the plaintiff to recover for services rendered and materials furnished of the reasonable value and for the agreed sum of $157, the agreed sum being proven and the reasonable value being testified to, without contradiction of either, the plaintiff was entitled to recover. The defendant interposed a counterclaim for $116 for damages for breach of an express warranty. While the contract herein was executory, the defendant had the right upon warranty broken to reject the goods, when tendered, as not answering the bargain, or it might receive, and accept by its retention, and rely upon its only right to damage, if any, for the breach of an express warranty (Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63), but to no more than its claim of $116. Receive and accept it did, for return of part is not rejection; but, proving no damage, it was entitled to no judgment.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

---

HENRY KROEGER CONST. CO. v. SNELL.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

APPEAL AND ERROR—VERDICT—CONCLUSIVENESS.

    A verdict on conflicting evidence and rendered on correct instructions will not be disturbed on appeal.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3935–3937.]

Appeal from Trial Term, Kings County.

Action by the Henry Kroeger Construction Company against Frederick Snell. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Harrison S. Moore, for appellant.

Wray & Callaghan, for respondent.

WOODWARD, J.   The Henry Kroeger Construction Company, through its president, made and delivered its promissory note for $3,000 to the defendant, and the latter procured its discount at a bank.   The plaintiff claims that the proceeds of this note never came into its possession, but was retained by the defendant.   The latter claims that the proceeds of the note, less the discount of $30, was paid over to the president of the plaintiff.   The case was complicated by an alleged illegal agreement between the parties, but the issue tried was whether the defendant delivered the proceeds of the note to the president of the plaintiff company, and upon this issue there was a distinct conflict of evidence.

There were no motions to dismiss at the close of plaintiff's case, none at the close of the testimony, and the case was submitted to the jury under a charge to which neither party took any exceptions; and, while the appellant complains at certain evidence being permitted in the case over his objection and exception, none of these exceptions appear to be seriously urged, and so far as we are able to discover there was no error in this regard.   There is, therefore, no question of law presented, except, possibly, that the verdict is against the weight of evidence. But the court charged correctly as to the weight of evidence.   There was one witness on one side and two witnesses on the other, and the court pointed out clearly the interest of each of the witnesses and called attention to defects in the plaintiff's evidence, so that the whole matter went to the jury, and where there is sufficient evidence to support a verdict the appellate courts as a rule do not disturb it.   This case seems to have been carefully tried, and substantial justice has been reached, so far as we are able to discover.

The judgment and order appealed from should be affirmed, with costs.   All concur.